UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER BEY,

    Plaintiff,

v.

    Case No. 2:06-cv-144
    HON. ROBERT HOLMES BELL

TIM LUOMA, et al.,

    Defendant(s).

_____/

## REPORT AND RECOMMENDATION

Plaintiff Christopher Bey, an inmate at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Tim Luoma, D. Edlund, W. Luetzow, G. Ordiway. Penny Chappell, Schwab, G. Richards, J. Roose, B. Sweeney, S. Holma, M. Pellow, Koskinen, James Kamp, Lafave, Whaley, K. Hornick, D. Johnson, N. Holcoff and K. Williams.

Plaintiff alleges that he should not have been given disciplinary sanctions until proven guilty of a rule violation. During March 2004, plaintiff was placed on a mattress restriction, a water restriction, a paper restriction and a face mask restriction. Plaintiff alleges that his First, Eighth and Fourteenth Amendment rights were violated by defendants. Plaintiff filed grievances on these issues that were denied because they were untimely.

Defendants move for dismissal of plaintiff complaint because he failed to properly grieve his claims. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See*

*Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03); ¶ R (may grieve alleged "racial or ethnic discrimination or staff brutality or corruption" directly to Step III) (effective 4/28/03)**.**

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the

district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. As plaintiff concedes, his grievances were rejected as untimely. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006), the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance. Because plaintiff's grievance was procedurally defective, the undersigned concludes that he failed to comply with the exhaustion requirement set forth in 42 U.S.C. § 1997e(a). It is not sufficient to simply claim you were unable to file a timely grievance without any evidentiary support showing an attempt to file a timely grievance. Plaintiff alleges that he was on a paper restriction until April 18, 2004, and on modified access to the grievance system until April 29, 2004. Plaintiff's first grievance was filed on April 29, 2004, regarding his paper restriction. Plaintiff's other grievances were filed later, including over one year later. Plaintiff has not presented any argument that supports a claim that he was denied grievance opportunities while on modified access to the grievance procedures. In the opinion of the undersigned, plaintiff's claims must be dismissed without prejudice for failing to establish exhaustion of his grievance remedies.

Accordingly, it is recommended that defendants' motion to dismiss (Docket #45) be granted, dismissing this case without prejudice. It is further recommended that plaintiff's motion for partial summary judgment (Docket #69) and motion to waive exhaustion (Docket #65) be denied.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion to dismiss, the court can discern no good-faith basis for an appeal. It is

recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

        NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated:   December 1, 2006