UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER BEY,

    Plaintiff,

v.                                         Case No. 2:06-cv-144
                                          HON. ROBERT HOLMES BELL

TIM LUOMA, et al.,

    Defendants.

_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on December 1, 2006. The Report and Recommendation was duly served on the parties. The Court has received objections from the plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

Plaintiff argues that his case should not be dismissed for failure to show exhaustion of grievance remedies because he was prohibited by defendants from filing timely grievances. Plaintiff has failed to show that defendants prevented him from filing timely grievances. Plaintiff alternatively has presented allegations of newly discovered evidence that suggest that he filed timely grievances. It is no longer plaintiff's burden to present allegations regarding exhaustion in his complaint, because exhaustion is an affirmative defense. *Jones v. Bock*, 2007 WL 135890 (U.S. Jan. 22, 2007). When lack of exhaustion is raised as an affirmative defense in a dispositive motion,

- 2 -

and defendant has established factually that a prisoner failed to exhaust be complying with the Michigan Department of Corrections grievance procedures, dismissal of the complaint is appropriate. *Woodford v. Ngo*, 126 S.Ct. 2378, 2393 (2006) (dismissal appropriate where grievances were untimely filed.) Defendants have established that plaintiff failed to file timely grievances. In fact, plaintiff has attached a document from the Michigan Department of Corrections which shows that he was placed on prisoner grievance modified access on September 14, 2005, because he had previously filed eleven grievances in thirty days. This exhibit shows that plaintiff did in fact have the ability to file timely grievances. Plaintiff has failed rebut defendants' showing that plaintiff failed to properly exhaust his grievances.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court discerns no good-faith basis for an appeal. Should the plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

Date:   February 1, 2007              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE